**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**WARREN D. FRIDAY**                                                     **PLAINTIFF**

**V.**                                                      **NO. 1:11CV052-A-S**

**STEVE C. WALLACE, et al.**                                        **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at Marshal County Correctional Facility, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains about his legal counsel representing him in a state criminal matter along with complaints about medical treatment he received presumably before he was incarcerated. Plaintiff is compensatory damages for these perceived violations.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite the plaintiff's insistence, the constitution has not been implicated by the facts of this case. The plaintiff may not use a 1983 suit to seek damages from his attorney–a private actor. It is

well established that some form of state action must be involved before a Section 1983 claim can proceed. 42. U.S.C. 1983; *Polk County v. Dodson*, 454 U.S. 312 (1981).

According to his pleading it appears as though the plaintiff was not incarcerated when he received the alleged inadequate medical treatment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Biblo v. Thigpen*, 647 So.2d 678, 686 (Miss. Dec. 8, 1994). Even assuming he was incarcerated at the time the alleged inadequate treatment was administered, the plaintiff does nothing more than disagree with the treatment he received which is plainly insufficient to state a 1983 claim. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Therefore, the complaint must be dismissed for failing to state a cause of action upon which relief may be granted. Alternatively, the plaintiff has simply alleged claims based on purely state law. Absent some constitutional issue or diversity between the parties, there is no basis for the exercise of federal jurisdiction. Consequently, the plaintiff's complaint is dismissed for lack of federal jurisdiction and for failing to state a claim upon which relief may be granted.

A final judgment in accordance with this opinion will be entered.

THIS the 20th day of September, 2011.

                                                  /s/ Sharion Aycock
                                                  **U.S. DISTRICT JUDGE**